FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 22 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
FRANK WARREN, et al.,                    :
                                         :
              Plaintiffs,                :    ORDER AND FINAL JUDGMENT
       - against -                       :
                                         :    01-CV-2909 (JG)
XEROX CORPORATION,                       :
              Defendant.                 :
----------------------------------------------------------------- X

## ORDER AND FINAL JUDGMENT

1. The Court makes the following findings for settlement purposes only.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(2) have been satisfied for purposes of both injunctive and monetary relief in that: (a) the number of class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the class representatives are typical of the claims of the class they seek to represent; (d) the class representatives have and will fairly and adequately represent the interest of the class; and (e) the Court finds that the parties opposing the class have acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this settlement only, this Court finally certifies a class under Rule 23(b)(2) and 23(b)(3) comprised of "all African Americans who are or were employed by Xerox in a Sales Representative position with USCO, XBS or NASG, or their successor organizations, at any time from February 1, 1997 through April 3, 2008 holding a quota-bearing Sales Territory assignment

and who are or were part of the commissioned sales workforce (the "class")." Excluded from the class are the persons and/or entities who requested exclusion from the class as listed on Exhibit A annexed hereto.

4. Notice of the pendency of this action as a class action and of the Proposed Consent Decree, referred to here as the "Settlement Agreement," was given to all class members who could be identified with reasonable effort. The form and method of notifying the class of the pendency of the action as a class action and of the terms and conditions of the Settlement Agreement complied with this Court's order dated April 3, 2008, entered in accordance with its discretionary power under Rule 23(d)(2), and was adequate to preserve the due process rights of the class.

5. The Settlement Agreement is approved as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, and in the best interests of each member of the settlement class. The parties are hereby directed to implement and consummate the settlement agreement according to its terms and consistent with the decision entered by the Court this day. The Settlement Agreement is binding on all members of the settlement class, as well as their heirs, executors and administrators, successors and assigns. The Settlement Agreement has *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Releases as set forth in the Settlement Agreement maintained by or on behalf of the class representative plaintiffs and all other members of the settlement class, as well as their heirs, executors and administrators, successors and assigns.

6. The Court requires that anyone seeking to appeal from the Court's rulings post an appropriate bond.

7. The complaint, which the Court finds was filed in good faith, is hereby dismissed with prejudice and without costs, except as provided in the Settlement Agreement.

8. Upon entry of this Order and Final Judgment, and by operation of this Order and Final Judgment, the claims of the named plaintiffs and each class member against Xerox, and against any of the Releasees as set forth in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement.

9. By operation of this Order and Final Judgment, all class members are hereby forever barred and enjoined from prosecuting any of the released claims against any of the Releasees as defined in the Settlement Agreement. Each class member is bound by this Order and Final Judgment, including, without limitation, the release of claims set forth in the Settlement Agreement.

10. The plan of allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the settlement in accordance with the terms and provisions of the Settlement Agreement and Stipulation of Settlement.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' counsel are hereby awarded, in reimbursement of expenses and fees, a total of $4,000,000, which sum the Court finds to be fair and reasonable, and which shall be paid to plaintiffs' co-lead counsel Milberg LLP from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among plaintiffs' counsel in a fashion which, in the opinion of plaintiffs' co-lead counsel, fairly compensates plaintiffs' counsel for their respective contributions to the prosecution of the case. Defendant shall have no

obligation to pay any attorneys' fees, costs or expenses to any counsel in this matter other than as set forth in this Order.

13. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement Agreement will create a fund of $12 million in cash, and numerous class members who suffered a loss of back-pay and/or who submit acceptable claim forms to receive compensatory damages will benefit from the settlement created by plaintiffs' counsel;

(b) Approximately 1,496 copies of the Notice were disseminated to putative class members indicating that plaintiffs' counsel were moving for attorneys' fees and expenses not to exceed $4 million and one objection was filed against the terms of the proposed Settlement Agreement and no objections were filed as to the ceiling on the fees and expenses requested by plaintiffs' counsel contained in the Notice;

(c) Plaintiffs' counsel have conducted the litigation and achieved the Settlement Agreement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over seven years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had plaintiffs' counsel not achieved the settlement there would remain a significant risk that lead plaintiffs and the class may have recovered less or nothing from the defendant;

(f) Plaintiffs' counsel have devoted over 10,000 hours (and have made a submission demonstrating a lodestar value of over $5.2 million) to achieve the settlement; and

4

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

14. Class representatives Frank Warren, Kenneth Jimerson, Dora Miller, Alicia Dean Hall, Clifford Brooks, Gene Simms and Heather Jason are hereby awarded $5,000 each as incentive awards. Such awards shall be paid out of the Settlement Fund.

15. Class representative Kenneth Jimerson is hereby awarded $2,7912.15 for reimbursement of reasonable out-of-pocket expenses incurred in his direct representation of the class. Class representative Dora Miller is hereby awarded $2,323.01 for reimbursement of reasonable out-of-pocket expenses incurred in the direct representation of the class. Class representative Gene Simms is hereby awarded $964.70 for reimbursement of reasonable out-of-pocket expenses incurred in the direct representation of the class.

16. Testifying party Sandra Nelms is hereby awarded $195.50 for reimbursement of reasonable out-of-pocket expenses incurred in her direct representation of the class. Testifying party Diane Wilson is hereby awarded $45.85 for reimbursement of reasonable out-of-pocket expenses incurred in the direct representation of the class. Testifying party Eric Smith is hereby awarded $81.71 for reimbursement of reasonable out-of-pocket expenses incurred in the direct representation of the class.

17. The claims administrator is hereby directed to issue letters to any individual identified by Xerox, after review by class counsel, as having signed a waiver and general release as part of a severance agreement or as part of a settlement agreement for claims relating in part or whole to his or her termination of employment at Xerox and who was inadvertently sent a class notice. The letter shall be substantially in the same form as attached here as Exhibit B.

18. The claims administrator is hereby directed to issue letters to any individual identified by Xerox, after review by class counsel, as having ceased their employment at Xerox prior to the commencement of the class period and who was inadvertently sent a class notice. The letter shall be substantially in the same form as attached here as Exhibit C.

19. Exclusive jurisdiction is hereby retained over the parties and the class members for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and Consent Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the class.

So ordered.

s/John Gleeson

John Gleeson, U.S.D.J.

Dated: September 19, 2008
Brooklyn, New York

# Exhibit A

## EXHIBIT A

### List of Persons Excluded from the Class in *Warren, et al. vs. Xerox Corporation*, Civil Action No. CV 01-2909 (JG)

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class in *Warren, et al. vs. Xerox Corporation*, CV 01-2909 (JG):

Paulette Wilson
4608 Park Avenue South
Minneapolis, MN 55407

Kim Y. Smith
2925 Custer Road
Corinth, TX 76210

Katrina Cammon Jackson
8183 Alpine Aster Court
Liberty Twp., OH 45044

# Exhibit B

# *DRAFT\*\*\*DRAFT\*\*\*DRAFT*

July __, 2008

Re:   XEROX Class Notice and Consent Decree

Dear _____:

On _____, we sent a Class Notice to you regarding the terms and conditions of the proposed Consent Decree for *Frank Warren, et al. v. Xerox Corporation, CV-01-2909* approved by Judge John Gleeson on April 3, 2008. This Class Notice identified you as a potential class member since you are or were an African American sales employee who worked for Xerox from February 1, 1997 through April 3, 2008.

Unfortunately, the Class Notice was sent to you in error. According to Xerox's personnel records, you signed a waiver and release form in exchange for a severance or settlement payment from Xerox. The proposed Consent Decree provides that any individual who has signed a waiver and release form in exchange for a severance payment or settlement agreement, is ineligible to participate in the monetary benefits of the proposed Consent Decree.

We regret this error and apologize for any inconvenience that this miscommunication may have caused. Should you have any questions, please feel free to contact me.

Sincerely

Cc:

# Exhibit C

# *DRAFT\*\*\*DRAFT\*\*\*DRAFT*

July __, 2008

Re:   XEROX Class Notice and Consent Decree

Dear _____:

  On _____, we sent a Class Notice to you regarding the terms and conditions of the proposed Consent Decree for *Frank Warren, et al. v. Xerox Corporation, CV-01-2909* approved by Judge John Gleeson on April 3, 2008. This Class Notice identified you as a potential class member since you are or were an African American sales employee who worked for Xerox from February 1, 1997 through April 3, 2008.

  Unfortunately, the Class Notice was sent to you in error. According to Xerox's personnel records, you ceased being employed by Xerox prior to the February 1, 1997 start of the period of time covered by this lawsuit and are therefore ineligible to participate in the monetary benefits of the proposed Consent Decree.

  We regret this error and apologize for any inconvenience that this miscommunication may have caused. Should you have any questions, please feel free to contact me.

              Sincerely

Cc: